IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**         \*

    v.         \*      Case No.      ELH-19-116

**DANTE LINTON**         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO SUPPRESS TITLE III EVIDENCE

Defendant Dante Linton, by and through counsel, Michael D. DeMartin, in accordance with Fed. Rule Crim Proc. 12(b)(3), 18 U.S.C. 3504 and 18 U.S.C. 2518(10)(a), hereby moves to suppress the admission of all evidence obtained by the interception of wire, electronic surveillance and oral communications

1)   The Defendant is charged in a multi-defendant indictment with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Cocaine Base and Marijuana in violation of Title 21 U.S.C. § 846.

2)   Discovery provided by the Government to date indicates that law enforcement applied for Title III authorizations as to several target subjects and numbers including:

Line G:  336-497-8538 (Albert Linton)

Line H: 410-925-4480 (Albert Linton)

3)   Law enforcement sought and received authorizations to intercept wire and electronic communications of telephone numbers based upon allegations that target subjects were involved with drug trafficking.

4)   Discovery materials indicate that Defendant Dante Linton's conversations were recorded on the above listed lines, making Mr. Linton an aggrieved person as defined by 18 U.S.C. 2510 (11) as he was a party to recorded wire, oral, or electronic communications.

5) Law enforcement failed to adequately exhaust less intrusive investigative procedures or adequately explain why less intrusive procedures would not succeed prior to obtaining the orders authorizing the electronic surveillance. See, *United States v. Wilson*, 484 F.3d 267.

6) Law enforcement did not cease to monitor the wiretaps after the objectives stated in the various orders had been achieved.

7) Law enforcement did not have probable cause to obtain the orders authorizing the electronic interceptions. Any arguable probable cause present was stale at the time that authorization for the interceptions was requested and authorized. See, *Illinois v Gates*, 462 U.S. 213 (1983).

8) Law enforcement failed to minimize the extent to which individual conversations seized pursuant to the orders were monitored and transcribed. 18 U.S.C. 2518; *Scott v United States*, 425 U.S. 917 (1976).

9) The authorizations permitting the electronic interceptions were facially insufficient pursuant to the requirements set forth in 18 U.S.C. 2517-2518.

WHEREFORE, Defendant Linton respectfully requests that this Honorable Court suppress the admission of any evidence in this case obtained by way of the interception of wire communications obtained pursuant to applications made and orders entered pursuant to state or federal law.

Respectfully submitted,
__/**S**/_____
Michael D. DeMartin
Law Office of Michael D. DeMartin, LLC
606 Baltimore Avenue, Suite 301
Towson, Maryland 21204
410-828-9000
Fed Bar ID# 22791

## REQUEST FOR HEARING

Pursuant to rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's motion.

\_\_/**S**/_____
Michael D. DeMartin

## CERTIFICATE OF SERVICE

I certify that on November 4, 2019, this Motion was electronically filed with the Clerk of the United States District Court using CM/ECF, with notice of said filing to AUSA Jeffrey Hann, counsel for the Government.

\_\_/**S**/_____
Michael D. DeMartin